UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD LILLY,

Plaintiff,

v.

LEWISTON-PORTER CENTRAL SCHOOL DISTRICT, and
DAVID SCHAUBERT,

Defendants.

REPORT
and
RECOMMENDATION

10-CV-00548S(F)

---

DAVID SCHAUBERT,

Cross Claimant,

v.

LEWISTON-PORTER CENTRAL SCHOOL DISTRICT,

Cross Defendant.

---

APPEARANCES:

RICHARD H. WYSSLING, ESQ.
Attorney for Plaintiff
375 Linwood Avenue
Buffalo, New York 14209

HODGSON RUSS, LLP
Attorneys for Defendant and Cross Defendant
Lewiston-Porter Central School District
KARL W. KRISTOFF,
KEVIN M. KEARNEY, and
MARISSA A. COHELEY, of Counsel
The Guaranty Building
140 Pearl Street
Suite 100
Buffalo, New York 14202

COLUCCI & GALLAGHER, P.C.
Attorneys for Defendant and Cross Claimant
David Schaubert
MICHAEL J. KEANE, and
TODD C. BUSHWAY, of Counsel
2000 Liberty Building
424 Main Street
Buffalo, New York 14202-3695

## JURISDICTION

This case was referred to the undersigned by Honorable William M. Skretny on August 31, 2010, for pretrial matters, including report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motion for summary judgment (Doc. No. 44), filed May 13, 2013.

## BACKGROUND and FACTS[1]

On June 30, 2010, Plaintiff Edward Lilly ("Plaintiff" or "Lilly"), filed this civil rights action challenging his removal from the Lewiston-Porter Central School District Board of Education ("School Board"), by four other School Board members, including David Schaubert ("Schaubert"), Louis Palmeri ("Palmeri"), Robert Laub ("Laub"), and James Mezhir ("Mezhir"), who were sued in this action ("the School Board Members"). Plaintiff alleges the School Board Members, acting under color of state law, illegally removed Plaintiff from the School Board to retaliate against Plaintiff, whose votes on School Board issues often differed from the votes of the majority, *i.e.*, Schaubert, Palmeri, Laub, Mezhir, and Leonard Palumbo ("Palumbo").[2]

[1] The Facts are taken from the pleadings and motion papers filed in this action.
[2] Palmeri, Laub, and Mezhir were terminated as Defendants on December 20, 2011. Palumbo, whose attendance at School Board meetings was sporadic and is not sued in this action, usually voted with the majority.

Plaintiff, along with another School Board member, Scott Stepien ("Stepien"), were removed from the School Board for the same reason, *i.e.*, failing to timely complete Fiscal Oversight Responsibility Training ("FORT"), which was mandated in 2005 with the enactment of New York Education Law ("N.Y. Educ. Law") § 2102-a[1] ("§ 2102-a"), requiring all school board members elected or appointed to a term beginning on or after July 1, 2005 "within the first year of his or her term, complete a minimum of six hours of training on the financial oversight, accountability and fiduciary responsibilities of a school board member." In 2006, the School Board approved School Board District Policy 2231 ("Board Policy 2231"), thereby making School Board members subject to FORT under § 2102-a. Despite receiving notice of at least four opportunities to timely complete FORT, Plaintiff made no attempt to register for the mandatory training until June 19, 2007, when, during a regularly scheduled School Board meeting, Plaintiff and Stepien were each served with a Statement of Charge of Official Misconduct ("Statement of Charge"), advising that Plaintiff and Stepien had committed official misconduct under N.Y. Educ. Law § 1709[18] ("§ 1709[18]"), by failing to timely complete the requisite financial oversight training within one year of commencing their School Board terms, in violation of § 2012-a and Board Policy 2331. The School Board then passed, by a vote of 4-2, a resolution ("the resolution"), to conduct a hearing on the charges on June 30, 2007.

Following the June 19, 2007 meeting, Plaintiff attempted to register for an on-line course to complete FORT, but because registration for the course closed on May 31, 2007, Plaintiff was unable to complete the registration. Plaintiff did, however, successfully register for and complete the FORT course scheduled for July 28, 2007.

Nevertheless, at a special School Board meeting on June 30, 2007, the School Board considered the Statement of Charge, voting in a session closed to the public to remove both Plaintiff and Stepien for violating § 2102-a and Board Policy 2331. The School Board terms of both Schaubert and Palmeri, who had not sought reelection, expired at midnight on June 30, 2007.

On July 30, 2007, Plaintiff filed a successful appeal of his removal to the New York State Commissioner of Education who, on March 25, 2008, concluded that the charges against Plaintiff were premature because the one-year period in which Plaintiff had to complete FORT did not expire until July 2, 2007. The Commissioner reinstated Plaintiff and Stepien, who had also appealed, to the School Board. On June 30, 2008, Stepien commenced a separate civil rights action in this court, *Stepien v. Schaubert*, 08-CV-487A ("Stepien"), against, *inter alia*, the School Board members, raising claims similar to those asserted by Plaintiff in the instant action. On June 30, 2009, Plaintiff's term on the School Board expired, and Plaintiff, following two subsequent unsuccessful reelection attempts, did not again serve on the School Board.

On February 23, 2010, United States Magistrate Judge Hugh B. Scott ("Judge Scott"), issued a Report and Recommendation ("*Stepien* R&R"), recommending summary judgment be granted in favor of the defendants in *Stepien*. *Stepien v. Schaubert*, 2010 WL 1875763 (W.D.N.Y. Feb. 23, 2010). On May 11, 2010, District Judge Richard J. Arcara adopted Judge Scott's R&R, *Stepien v. Schaubert*, 2010 WL 1875769 (W.D.N.Y. May 11, 2010), and the filed was closed.

In the Complaint in the instant action, filed June 30, 2010, Plaintiff alleges the School Board Members' actions violated Plaintiff's rights under 42 U.S.C. § 1983, and

the First Amendment, constituted malicious prosecution, and intentional infliction of emotional distress, and sought to hold the School District vicariously liable under a theory of *respondeat superior*. On August 12, 2010, the School Board Members filed an answer, asserting a cross-claim against the School District for indemnification. Motions to dismiss for failure to state a claim ("Motions to Dismiss") were filed by both the School District on August 23, 2010 (Doc. No. 11), and by the School Board Members on September 13, 2010 (Doc. No. 13). In a Report and Recommendation filed December 16, 2010 (Doc. No. 19), *Lilly v. Lewiston-Porter Central School District*, 2010 WL 8143840 (W.D.N.Y. Dec. 16, 2010) ("*Lilly* R&R"), the undersigned recommended denying the Motions to Dismiss in all respects except for the malicious prosecution claims, which the undersigned recommended dismissing. Meanwhile, Stepien appealed the dismissal of his action on summary judgment and, on June 13, 2011, the Second Circuit Court of Appeals affirmed this court holding, as relevant to this action, that the defendant School Board Members were qualifiedly immune from liability on Stepien's claims. *Stepien v. Schaubert*, 424 Fed.Appx. 46, at * 48 (June 13, 2011 2d Cir.) ("*Stepien*"). On December 20, 2011, Chief District Judge William M. Skretny adopted the *Lilly* R&R insofar as Plaintiff had stated claims for violations of procedural due process and the First Amendment, and Schaubert did not have either legislative or qualified immunity, but otherwise set aside the *Lilly* R&R. *Lilly v. Lewiston-Porter Central School District*, 853 F.Supp.2d 346, 363 (W.D.N.Y. 2011).

On May 13, 2013, Defendants filed a motion for summary judgment (Doc. No. 44) ("Defendants' Motion"), arguing in supporting papers that the Second Circuit's decision in *Stepien* requires summary judgment in favor of Defendant on all claims in

the instant action because the claims in both cases arise from identical facts. On July 29, 2013, Plaintiff filed papers opposing summary judgment. On August 15, 2013, Defendant filed a reply in further support of summary judgment. Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion should be GRANTED.

**DISCUSSION**

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The court is required to construe the evidence in the light most favorable to the non-moving party. *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48.

Among the arguments Defendants set forth in support of summary judgment is that because Plaintiff's claims are based on the identical conduct challenged by Stepien, the Second Circuit's decision in *Stepien* likewise requires dismissal of the instant action based on the doctrine of *stare decisis*. Defendants' Memorandum (Doc.

No. 44-1), at 14-17. In opposition to summary judgment, Plaintiff maintains significant differences between *Stepien* and *Lilly* do not support *stare decisis*. Plaintiff's Memorandum (Doc. No. 52), at 15-19. In further support of summary judgment, Defendants argue Plaintiff has mischaracterized Defendants' arguments in support of summary judgment by focusing on Defendants' subjective intent in removing Plaintiff from the School Board. Defendants' Reply (Doc. No. 57), at 2-4. A thorough review of the record in the instant case, as well as the Second Circuit's decision in *Stepien*, establishes *stare decisis* requires granting summary judgment in favor of Defendants, albeit on a different basis than asserted by Defendants.

Specifically, Defendants maintain that *stare decisis* requires granting summary judgment in favor of Defendants insofar as Plaintiff maintains he was "entrapped" into failing to timely complete the FORT course based on an e-mail sent from Schaubert to one Dr. Clark Godshall ("Dr. Godshall"), then Superintendent of the Board of Cooperative Educations Services of Orleans and Niagara Counties ("BOCES"), and an acquaintance of Lilly, imploring Dr. Godshall not to accommodate Plaintiff by making any exceptions to the FORT course registration policy. Defendants' Memorandum at 14-15. According to Defendants, because Stepien relied on the same e-mail in unsuccessfully opposing summary judgment in his case, the doctrine of *stare decisis* requires the same result in the instant action. *Id*. at 15-17.

"The doctrine of stare decisis is limited to actual determinations in respect to litigated and necessarily decided questions." *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1128 (2d Cir. 1989). *See United States ex rel. Schnitzler v. Follette*, 406 F.2d 319, 322 (2d Cir. 1969) (holding district judge "was bound to follow

our prior decision, rendered upon a factual and legal background identical to that before the district court, under the common principle of stare decisis. In this case, as in all others, the district court is required to follow a binding precedent of a superior court, and it abused its discretion in declining to do so."). The parties do not dispute that the facts underlying Plaintiff's claims in the instant case are identical to those on which Stepien also sued. Further, the Second Circuit's decision in *Stepien* resolves a critical question on which the undersigned recommended denying Defendant's motion to dismiss Plaintiff's Fourteenth Amendment procedural due process and First Amendment claims.

Specifically, in *Lilly*, the undersigned recommended Defendants' motion to dismiss be denied with regard to Plaintiff's Fourteenth Amendment procedural due process claim because "nothing in the record indicates the Statement of Charge alleged Plaintiff's failure to comply with § 2102-a was done with the intent to 'benefit or deprive another person of a benefit,' . . . [n]or does the record indicate whether, under New York law, Plaintiff's belated compliance 'cures' his failure to timely complete the requisite training, *nunc pro tunc*, thus negating any finding of 'official misconduct,' under § 1709[18], based on Plaintiff's noncompliance as of June 30, 2007." *Lilly v. Lewiston-Porter Central School District*, 2010 WL 8143840, at * 11 (W.D.N.Y. Dec. 16, 2010), *adopted in part*, 853 F.Supp.2d 346, 358-59 (W.D.N.Y. 2011). Significantly, in *Stepien*, the Second Circuit unequivocally stated that the plaintiff's "failure to obtain training required by state law, despite numerous notices of the requirement and of the way to obtain the training, constituted 'official misconduct' warranting removal . . . ." *Stepien*, 424 Fed.Appx. 46, 48 (2d Cir. June 13, 2011) (citing N.Y. Educ. Law §§ 1709(18), 2102-a (McKinney's 2011)). The Second Circuit did not explain how Stepien's failure to

timely complete the FORT course constitutes "official misconduct," which is defined not under New York Education Law, but under New York Penal Law § 195.00.[3] Nevertheless, the Second Circuit's decisions are binding on this court until and unless that binding precedent is overturned. *See Shannon v. Jacobowitz*, 394 F.3d 90, 94-95 (2d Cir. 2005) (observing earlier Second Circuit decision "continues to be the law of this [Second] Circuit, binding upon both the district court and us, and can only be overruled by this [c]ourt sitting *en banc* or by a decision of the Supreme Court.").

Because the Second Circuit, based on identical facts, held in *Stepien* that the failure to timely complete the FORT course constituted official misconduct supporting the Statement of Charge, that same finding applies to the instant facts regardless of what potential arguments to the contrary may be available to Plaintiff. It thus logically follows that if Plaintiff's constitutional rights were not, as a matter of law, violated by Defendants' filing of the Statement of Charge, then Plaintiff is without a viable claim against Defendants. Accordingly, because the Second Circuit has upheld Stepien's removal, under the same circumstances present in the instant case, Defendant's removal of Plaintiff for failing to timely complete the FORT course was based on "official misconduct" such that Plaintiff cannot state a claim for which relief can be granted, and Defendants' motion should be GRANTED.

[3] As relevant to this action, "[a] public servant is guilty of official misconduct when, *with intent to obtain a benefit or deprive another person of a benefit*: * * * [h]e knowingly refrains from performing a duty which is imposed upon him by law . . . ." N.Y. Penal Law § 195.00[2] (italics added).

**CONCLUSION**

Defendants' motion (Doc. No. 44), should be GRANTED. The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 12, 2014
Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 12, 2014
Buffalo, New York