UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD LILLY,

        Plaintiff,

v.                              **DECISION AND ORDER**
                                        10-CV-548S

LEWISTON-PORTER CENTRAL SCHOOL
DISTRICT, and DAVID SCHAUBERT,

        Defendants.

1.      On June 30, 2007, Edward Lilly was removed from his seat on the Lewiston-Porter Central School District Board of Education for failing to complete required training. On appeal, the New York State Commissioner of Education found that Lilly had been prematurely removed because he had until July 2, 2007 – the date when his first year of his term as a school board member expired – to complete the training. The Commissioner thus reinstated Lilly.

Lilly alleges here that the removal violated his civil rights and brings suit under 42 U.S.C. § 1983.[1]

2.      After this Court's ruling on Defendants' motion to dismiss, (see Docket No. 33), the remaining claims were premised on what this Court liberally characterized as "entrapment." This Court found that, if Lilly could show that Defendant David Schaubert, president of the school board, "personally interfered with Plaintiff's attempt to register for the required training before the deadline, thereby entrapping Plaintiff into violating the

---

[1] For a full recitation of the facts and procedural history, see Docket Nos. 19 (Report and Recommendation), 33 (Decision and Order), and 58 (Report and Recommendation).

training requirement," it would indicate that "the misconduct charges brought by Defendant Schaubert against Plaintiff were, from the beginning, unnecessary, trumped-up, and tainted." (Decision and Order, at 13). Thus, based on allegations of interference and entrapment, this Court found that Lilly had stated a due process violation and a First Amendment retaliation claim against Schaubert.[2]

3.    Now Schaubert moves for summary judgment. In a nearly identical case brought by Scott Stepien, a board member who was removed with Lilly for the same reason, the Second Circuit determined, after "conduct[ing] an independent and de novo review of the record" that neither

> (1) the Board's decision that Stepien's failure to obtain training required by state law, despite numerous notices of the requirement and of the way to obtain the training, constituted "official misconduct" warranting removal, nor (2) its conclusion that it was appropriate to bring the charge when only a few days remained in Stepien's term, given that no training sessions were scheduled during those days, was objectively unreasonable.

Stepien v. Schaubert, 424 F. App'x 46, 48 (2d Cir. 2011) (citation omitted).[3]

4.    The Second Circuit thus affirmed the dismissal of Stepien's claim on grounds that the School Board was protected by qualified immunity. This decision was issued before, and discussed in, this Court's own decision on Defendants' motion to dismiss in this case.

---

[2] The School District was retained as a defendant because it "ha[d] not argued that it cannot be held liable for the conduct of . . . Schaubert on a respondeat superior theory of liability." (Decision and Order, at 25 n. 10.) For sake of efficiency and clarity, this Court will refer only to Defendant Schaubert throughout this Decision.

[3] This case also originated in this District, but was assigned to a different magistrate and district judge.

5.      On February 12, 2014, Magistrate Judge Leslie G. Foschio issued a Report and Recommendation advising this Court to grant Defendants' motion for summary judgment, citing Stepien as binding precedent. Judge Foschio believes that the Second Circuit *concluded* that the failure to timely complete the training constitutes "official misconduct" and, since that would be proper cause for Lilly's removal, Judge Foschio recommends dismissal of Lilly's claims on this ground. (R&R at 8–9.) But this Court reads the Second Circuit's decision more narrowly: it did not necessarily find that Stepien (and by extension, Lilly) committed "official misconduct," it only found that the *Board's conclusion* to that effect *was not objectively unreasonable*. Lilly's claim here, not explicitly addressed in Stepien, is that Schaubert interfered with Lilly's ability to complete the training, rendering Schaubert's actions objectively unreasonable.

6.      Because this Court disagrees with Judge Foschio as to the import of the Second Circuit's decision in Stepien, this case cannot be dismissed on the ground that Lilly's failure to register for the training was, by application of vertical stare decisis, necessarily "official misconduct."[4] Rather, as alluded to above, the issue is properly framed by the following question: Did Schaubert unreasonably interfere with Lilly's attempts to complete the training? If he did (or if there is adequate evidence from which a jury could draw a reasonable inference that he did) he may not be protected by qualified immunity

---

[4] "With vertical stare decisis, the decisions of an appellate court, i.e., a circuit court of appeals or the Supreme Court, will have preclusive effect on subsequent decisions made by lower courts." Panayoty v. Annucci, 898 F. Supp. 2d 469, 479 (N.D.N.Y. 2012); see also United States v. Duvall, 740 F.3d 604, 609 (D.C. Cir. 2013) (Kavanaugh, J., concurring in the denial of rehearing en banc) (citing U.S. Const. art. III, § 1) ("Vertical stare decisis is absolute and requires lower courts to follow applicable Supreme Court [and appellate court] rulings in every case.").

and summary judgment in his favor would be inappropriate. This Court, having already analyzed the impact of the Second Circuit's decision in Stepien, has already concluded that Lilly has stated such a claim. Now, in the face of a motion for summary judgment, Lilly must provide evidence supporting it. See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986)) (modifications omitted) ("To defeat a motion [for summary judgment], 'there must be evidence on which the jury could reasonably find for the non-movant.'").

7.   In this, Lilly has failed. Over the course of several pages in his opposition to the motion for summary judgment, Lilly haphazardly recounts assorted evidence, primarily in the form of emails sent to and from Schaubert. But while that evidence may leave the impression that Schaubert wanted Lilly removed from the school board, there is clear lack of evidence suggesting that Schaubert purposefully interfered with Lilly's ability to register for the required training. In fact, the evidence suggests that Lilly knew of the impending deadline (which Schaubert had no control over) but chose not to comply with it. (As the Second Circuit found in Stepien, there were "numerous notices of the requirement and of the way to obtain the training." 424 F. App'x at 48.)

8.   The primary evidence that Lilly has identified to support his charge that Schaubert interfered with his attempt to register is an email in which Schaubert asks the Superintendent of BOCES to do no "favors" for Lilly and Stepien. (See Docket No. 44-24.)

But as an initial matter, the Second Circuit had that evidence – the email – before

it in the <u>Stepien</u> case[5] (it "conducted an independent and de novo review of the record") and, despite it, the Circuit granted qualified immunity to the members school board, Schaubert included. The email alone, quite clearly then, cannot be relied on to support a theory that Schaubert's actions were objectively unreasonable.

Second, this email – simply asking that "no favors" be done – does not suggest that Schaubert interfered with Lilly.

Finally, Dr. Clark Godshall, the recipient of the email, "ignored that portion of the e-mail referencing 'don't do them any favors'" and "did not do anything to prevent or discourage Mr. Lilly from taking the financial training class." (Godshall Decl., ¶ 2.) Lilly even confirmed at his deposition that Dr. Godshall did nothing to prevent or discourage him from taking the class.

9.   Lilly also asserts in his deposition that Debbie Sherman, the school district's clerk, told him that she had been directed by Schaubert "not to assist Lilly or Stepien in registering for any fiscal training class." But in response to Schaubert's summary judgment motion, Lilly does not highlight any evidence that substantiates this claim. He does not, for instance, attach an affidavit from Sherman. Indeed, this supposed statement is not even mentioned in Lilly's opposition brief or in his objections to Judge Foschio's Report and Recommendation. Instead, the only evidence is to the contrary. At the June 30, 2007 hearing, Sherman testified under oath with questioning from Lilly. Lilly asked Sherman if anyone asked her to prevent him and Stepien from enrolling in the training. Sherman responded, "No." (Ex. G. at 95; Docket No. 44-8.)

---

[5] Stepien cited the email in at least one submission to the district court.

10. In short, there is simply insufficient competent evidence on which a reasonable jury could rely to find in Lilly's favor. See Anderson, 477 U.S. at 248. And, without evidence supporting Lilly's entrapment or interference theory, Schaubert, as the Second Circuit found in Stepien, is entitled to qualified immunity and dismissal of the remaining claims. See Stepien, 424 F. App'x at 48; Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)) ("Public officials enjoy qualified immunity from suit for damages under 42 U.S.C. § 1983 for acts undertaken in their official capacity, unless their conduct violates clearly established constitutional rights of which an objectively reasonable official would have known.").[6]

---

[6]Even if the principles of vertical stare decisis do not apply to Stepien because the opinion is "unpublished," it remains highly persuasive.

\*\*\*\*

IT HEREBY IS ORDERED, that the Report and Recommendation (Docket No. 58) is set aside to the extent it premises dismissal on the ground that failing to register for the training is necessarily "official misconduct."

FURTHER, Defendants' Motion for Summary Judgment (Docket No. 44) is GRANTED.

FURTHER, the Clerk of Court shall close this case.

SO ORDERED.

Dated: March 31, 2014
       Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court